**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2041**

VINCENT E. JUNE, JR.,

Plaintiff - Appellee,

v.

OFFICER E. THOMASSON, #1855,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:14-cv-02450-GLR)

Submitted: June 27, 2018                          Decided: July 24, 2018

Before KING, WYNN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Nancy McCutchan Duden, County Attorney, Jay H. Creech, Supervising County Attorney, Philip E. Culpepper, Senior Assistant County Attorney, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis, Maryland, for Appellant. Matthew D. Skipper, SKIPPER LAW, LLC, Crofton, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2014, Vincent E. June, Jr., commenced this action under 42 U.S.C. § 1983 (2012), alleging that Officer E. Thomasson violated his Fourth and Fourteenth Amendment rights by arresting him without probable cause. The district court ultimately denied Thomasson's motion for summary judgment, finding that Thomasson failed to establish his entitlement to qualified immunity. Thomasson noted an interlocutory appeal from that decision, challenging the sufficiency of the evidence supporting the denial of qualified immunity, and disputing a pretrial evidentiary ruling. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). By contrast, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995).

Thomasson arrested June for allegedly participating in an assault on a teenage boy. After state prosecutors abandoned the charges, June filed the instant lawsuit alleging that Thomasson lacked probable cause to arrest him. During discovery, the victim signed an

2

affidavit in which he attested to giving June's name to law enforcement after the assault. However, two months later, the victim provided a second affidavit in which he recanted this claim, insisting instead that the police repeatedly suggested June's name to him.

Applying the sham affidavit doctrine, the district court initially disregarded the victim's second affidavit and awarded summary judgment to Thomasson. However, on June's Fed. R. Civ. P. 59(e) motion, the court reconsidered its prior order, accepted the victim's second affidavit, and concluded that summary judgment was not warranted. The court thereafter issued the underlying order denying qualified immunity to Thomasson because the right Thomasson allegedly violated—namely, "June's right to be free from arrests not supported by probable cause that occur <u>specifically</u> because an officer deliberately or with reckless disregard for the truth makes material false statements or omits material facts in a warrant application" (J.A. 701-02)[1]—was clearly established at the time of June's arrest.[2]

On appeal, Thomasson contends that there was no evidence that he lacked probable cause to arrest June, or that he suggested June's name to the victim. However, these are precisely the types of "evidence sufficiency" claims that are not subject to interlocutory appeal. *Johnson*, 515 U.S. at 313 (internal quotation marks omitted).

---

[1] Citations to "J.A." refer to the Joint Appendix filed by the parties in this appeal.

[2] The court further determined that the evidence could support a finding that, absent the warrant application, Thomasson violated June's clearly established right to be free from an arrest predicated on an unreliable identification. (J.A. 703).

Thomasson also contests the district court's decision not to strike the victim's second affidavit, asserting that, because the application of the sham affidavit doctrine is a purely legal question, the propriety of this ruling is subject to interlocutory appeal. We disagree. "[T]his Court has appellate jurisdiction to consider appeals from denials of qualified immunity *only* to the extent that the official maintains that the official's conduct did not violate clearly established law." *Valladares v. Cordero*, 552 F.3d 384, 388 (4th Cir. 2009) (emphasis added) (internal quotation marks omitted). Here, Thomasson does not dispute the district court's determination that the rights he allegedly violated were clearly established at the time of the arrest.[3] Because Thomasson fails to raise a qualified immunity issue over which we would have jurisdiction in this interlocutory appeal, we cannot exercise pendent appellate jurisdiction over the sham affidavit issue. *See Henry v. Purnell*, 501 F.3d 374, 376 (4th Cir. 2007) (acknowledging that jurisdiction over interlocutory qualified immunity appeals "provides a basis for consideration of other district court rulings that are inextricably intertwined with the decision of the lower court to deny qualified immunity," but predicating this review upon the existence of a purely legal issue concerning qualified immunity (internal quotation marks omitted)).

---

[3] While Thomasson insists that any violation of June's constitutional rights was the result of an honest mistake, not intentional or reckless conduct, the district court actually agreed with Thomasson's argument that honest mistakes are protected under the doctrine of qualified immunity. Thomasson, however, poses no challenge to the court's two qualified immunity holdings identified above.

4

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*